**Socorro ROQUE–ESPINOSA, Petitioner–Appellant,**

v.

**Michael CHERTOFF, Secretary of the Department of Homeland Security; et al., Respondents–Appellees.**

No. 07–35034.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2007.*

Filed Nov. 14, 2007.

* This disposition is not appropriate for publication and is not precedent except as provided

Matthew Boyd Weber, Esq., Scott A. Marks, Weber & Marks, PLLC, Seattle, WA, for Petitioner–Appellant.

Rebecca Shapiro Cohen, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Respondents–Appellees.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Plaintiff Socorro Roque–Espinosa appeals the district court's denial of attorney

by Ninth Circuit Rule 36–3.

fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff argues that the district court abused its discretion in holding that the government's litigating position as a whole was "substantially justified." *See Pierce v. Underwood,* 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (holding that abuse of discretion review applies). We vacate and remand.

The district court's analysis is contrary to the Supreme Court's guidance in *Pierce.* The district court here did not reach "the actual merits of the Government's litigating position," *id.* at 569, 108 S.Ct. 2541, because it found conclusive the view of another judge in the Western District of Washington. In particular, the district court relied on the fact that one unpublished order had agreed with the government's position. In so reasoning, the district court failed to heed *Pierce*'s admonition that, "[o]bviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win." *Id.*; *see also Marlar, Inc. v. United States,* 151 F.3d 962, 970 (9th Cir. 1998) (remanding for reconsideration when the district court applied an incorrect legal standard). We express no view on whether the government's position was substantially justified.

**VACATED and REMANDED.** The parties are to bear their own costs on appeal.

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).